IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 01-10144

———————————————

JOHN TRICKETT,

Plaintiff-Appellee,

versus

A. G. EDWARDS & SONS INC.; ET AL.,

Defendants,

A. G. EDWARDS & SONS INC.,

Defendant-Appellant.

———————————————————————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CV-2912-M

———————————————————————————————————————————

January 11, 2002

Before JOLLY and PARKER, Circuit Judges, and MILLS,[*] District Judge.

PER CURIAM:[**]

We have reviewed the record and studied the briefs in this case, and we find no reversible error. Although we think that the district court erred in setting aside the jury's determination that Trickett ratified A.G. Edwards' conduct, this error makes no difference in the ultimate judgment. The jury determined that

———————————————

[*] District Judge of the Central District of Illinois, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Trickett's claim under the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE ANN. § 17.46, formed an independent basis for the award of damages and attorneys' fees. Because ratification does not provide a defense to a DTPA claim, the failure of Trickett's negligence and fiduciary breach claims based on the jury's finding of ratification does not affect the amount of the final award and consequently does not require a reversal of the district court's judgment.

We also conclude that the evidence, viewed in the light most favorable to Trickett, supports the jury's finding that A.G. Edwards did not provide Trickett with a level of expertise consistent with Lanier Lafitte's representations. The district court therefore correctly held that the jury's finding of a DTPA violation is adequately supported in the record.

Finally, we find no principle of Texas law that precludes the damage award in this case, which essentially provided a remedy to make Trickett whole. Thus, under the circumstances of this case, the district court did not err in allowing the jury to base its award on the value of the shares that Trickett was forced to sell to pay the cost of exercising the options, measured at the time of the trial. Accordingly, the district court's judgment is

AFFIRMED.